DANIELLE OCHS, CA Bar No. 178677
danielle.ochs@ogletree.com
EMILY B. HARRINGTON, CA Bar No. 319657
emily.harrington@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA 94111
Telephone: 415-442-4810
Facsimile: 415-442-4870

Attorneys for Defendant
TESLA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMY RAMIREZ,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC.,<br><br>Defendant. | Case No.<br><br>**DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL OF ACTION** |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO THE PLAINTIFF AMY RAMIREZ AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant TESLA, INC. ("Tesla" or "Defendant"), by and through the undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of California for the County of Alameda, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on the grounds that there is complete diversity of citizenship between Plaintiff Amy Ramirez ("Plaintiff"), a citizen of the State of California, and Defendant who is citizen of the State of Texas; that the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in 28 U.S.C. § 1332(a); and that the foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this notice of removal, as more fully set forth below. In support of such removal, Defendant states as follows:

## I. <u>THE STATE COURT ACTION</u>

This action is one over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one which may be removed by Defendant pursuant to 28 U.S.C. § 1441. This is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states insofar as Plaintiff is a citizen of the State of California and Defendant is a citizen of the State of Texas.

On June 15, 2026, Plaintiff filed a Complaint against Defendant in the Superior Court of the State of California for the County of Alameda (the "State Court Action"). (Declaration of Emily B. Harrington in Support of Defendant's Notice of Removal ("Harrington Dec."), ¶ 2.)

The Complaint alleges the following causes of action against Defendant: (1) Work Environment Harassment Because of Sex and/or Gender, Cal. Gov. Code § 12940(j); (2) Sex Discrimination/Disparate Treatment, Cal. Gov. Code § 12940(a); (3) Disability Discrimination, Cal. Gov. Code § 12940(m); (4) Failure to Engage in the Interactive Process, Cal. Gov. Code § 12940(n); (5) Failure to Provide Reasonable Accommodation, Cal. Gov. Code § 12940(m); (6) Retaliation, Cal. Gov. Code § 12940(h); (7) Retaliation for Taking Job-Protected Medical Leave, Cal. Gov. Code §

12945.2; (8) Whistleblower Retaliation, Cal. Lab. Code § 1102.5; (9) Failure to Prevent Harassment, Discrimination and Retaliation, Cal. Gov. Code § 12940(k); and (10) Intentional Infliction of Emotional Distress.

On July 1, 2026, Plaintiff served Defendant with the Complaint, Summons, Civil Cover Sheet, and Notice of Case Assignment and Notice of Hearing. (Harrington Dec., ¶ 3, Ex. A.) Defendant has not been served with or received any additional process, pleadings, or orders in the State Court Action. (*Id.*, ¶ 4.) Defendant has filed an Answer in the State Court Action, but has not filed any other pleadings in the State Court Action. (*Id.*)

## II. REMOVAL IS TIMELY.

A defendant in a civil action has 30 days from the date it is validly served with a Summons and Complaint to remove the action to federal court. 28 U.S.C. § 1446(b)(1).

Here, the Summons and Complaint served only on Defendant are the only pleadings served by Plaintiff in this matter. Service was effective on Defendant on July 1, 2026. (Harrington Dec., ¶ 3.) Defendant filed this Notice within 30 days after service and less than one year after commencement in this action. Removal is therefore timely and proper pursuant to 28 U.S.C. § 1446(b), (c) and Rule 6 of the Federal Rules of Civil Procedure.

## III. A PROPER BASIS EXISTS FOR REMOVAL BASED ON DIVERSITY OF CITIZENSHIP.

### A. The Citizenship Of The Parties Is Diverse.

This action is one over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and one which may be removed by Defendant pursuant to 28 U.S.C. § 1441. This is a civil action where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. See 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires "complete diversity," meaning that the citizenship of each plaintiff is different from the citizenship of each defendant. *Weeping Hollow Ave. Trust v. Spencer,* 831 F.3d 1110, 11132 (9th Cir. 2016). A party's citizenship is determined at the time the lawsuit was filed. *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1236 (9th Cir. 2008) ("[T]he jurisdiction of the court depends upon the state of things at the time of the action [was] brought."). In the present case, the parties had complete diversity of

citizenship at the time the lawsuit was filed because Plaintiff's citizenship is diverse from Defendant's.

**1. <u>Plaintiff is a Citizen of California</u>**

For diversity purposes, a natural person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place she resides with the intention to remain or to which she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is *prima facie* evidence of domicile).

Here, Plaintiff alleges in her Complaint, that she "resides in California" and "[a]t all relevant times, [Plaintiff] worked for [Defendant] at the Fremont factory in Alameda County in the State of California." (Harrington Dec., ¶ 3, Ex. A [Complaint ¶ 4].) Plaintiff is therefore a citizen of California. See *Ayala v. Cox Automotive, Inc.*, No. CV1606341GHKASX, 2016 WL 6561284, at *4 (C.D. Cal., Nov. 4, 2016) ("Plaintiff alleges that he 'is, and at all times mentioned in the Complaint was,' a California resident. This allegation gives rise to a presumption that Plaintiff is a California citizen.").

**2. <u>Defendant Is Not A Citizen Of California.</u>**

The citizenship of an entity depends upon the form of the entity. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). For the purposes of diversity jurisdiction, "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); see *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009).

The Supreme Court of the United States in *The Hertz Corp. v. Friend*, 559 U.S. 77 (2010) held that a corporate entity's "principal place of business" for determining citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e. the "nerve center". . . .

*The Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010).

Here, Defendant is a citizen of a state other than California within the meaning of 28 U.S.C. § 1332(c)(1). Specifically, although Tesla was organized and formed under the laws of the State of Delaware,[1] with its principal place of business and headquarters in Austin, Texas,[2] on June 13, 2024 – prior to the filing of this lawsuit – Tesla was converted from a Delaware corporation to a Texas corporation. As such, at the time the Complaint was filed, June 15, 2026, Tesla was a citizen of the State of Texas[3] because it was (and is) a Texas corporation, with its principal place of business and headquarters in Austin, Texas. (Harrington Dec., ¶ 3.) Hence, at all times since Plaintiff has commenced this lawsuit, Defendant has been a citizen of a state other than California within the meaning of 28 U.S.C. § 1332(c)(1). Defendant has been a citizen of the State of Texas.

**B. <u>The Amount In Controversy Exceeds The Sum of $75,000.</u>**

Defendant need only establish by a preponderance of the evidence that Plaintiff's claims exceed the jurisdictional minimum. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including mental and emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001), holding modified by *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980-81 (9th Cir. 2005); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). These damages include those that can reasonably be anticipated at the time of removal, not merely those already incurred. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal.

---

[1] Tesla's Form 10-K for the fiscal year ended December 31, 2025, which is a public document and publicly accessible through the United States Securities and Exchange Commission's website, lists Delaware as Tesla's State of Incorporation and 1 Tesla Road, Austin, Texas as Tesla's principal executive offices: https://www.sec.gov/Archives/edgar/data/1318605/000162828026003952/tsla-20251231.htm

[2] *See Sare v. Tesla, Inc.*, No. 2:22-CV-00547-JAM-CKD, 2022 WL 2817422, at *3 (E.D. Cal. July 19, 2022) ("The Court therefore finds Tesla is a citizen of both Delaware, its place of incorporation, and Texas."); *Monet v. Tesla, Inc.,* No. 5:22-CV-00681-EJD, 2022 WL 2714969, at *2 (N.D. Cal. July 13, 2022) ("Defendant [Tesla] is now a citizen of Texas and Delaware").

[3] Tesla's Form 10-Q for the quarterly period ended June 30, 2026, which is a public document and publicly accessible through the United States Securities and Exchange Commission's website, lists Texas as Tesla's State of Incorporation and 1 Tesla Road, Austin, Texas as Tesla's principal executive offices: https://www.sec.gov/Archives/edgar/data/1318605/000162828026049270/tsla-20260630.htm

2002); see also *Celestino v. Renal Advantage Inc.*, No. C 06-07788 JSW, 2007 WL 1223699, at *4 (N.D. Cal. Apr. 24, 2007) ("[T]he amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal.").

"[W]here the complaint leaves the amount in controversy unclear or ambiguous", then "a plaintiff who then tries to defeat removal must prove to a 'legal certainty' that a recovery of more than $75,000 is impossible." *Jackson v. Mercedes-Benz USA, LLC*, No. 5:20-CV-01681-DOC-KK, 2020 WL 7090839, at *1 (C.D. Cal. Dec. 2, 2020).

Based on Plaintiff's allegations in the Complaint, the amount in controversy in the instant case is more likely than not to exceed the sum of $75,000, as set forth more specifically below.

**1. Economic Damages.**

Defendant denies that it is liable for any damages whatsoever in this case, however, assuming arguendo that it is, Plaintiff is seeking an award for economic and compensatory damages. Plaintiff seeks compensatory damages for the alleged loss of wages and other employment benefits. (Harrington Dec., ¶ 3, Ex. A [Complaint ¶¶ 39, 48, 56, 67, 76, 84, 93, 102, 112, 117, 118, and Prayer for Relief].) Although Plaintiff remains employed by Defendant, Plaintiff alleges she suffered economic harm including reduced work assignments that artificially lowered her output, losses incurred related to bonuses and deferred compensation, "seeking substitute employment," and inability to access pay stubs and workplace accounts during a leave of absence. (Harrington Dec., ¶ 3, Ex. A [Complaint ¶¶ 14, 27, 44, 69].)

Based on data from the U.S. Courts of Appeals Federal Court Management Statistics accessible from the United States District Courts' official website, the median time from filing to trial in a civil matter pending in this court was 38.9 months as of December 31, 2025. (See Request for Judicial Notice, Ex. 1.) Calculating 38.9 months from the filing of this Complaint on June 15, 2026, a trial date would be in approximately September 2029. Even assuming conservatively that Plaintiff's alleged economic losses amount to only a fraction of her annual compensation over the pendency of this litigation, the economic damages alone are likely to be substantial. At the time of Plaintiff's earliest allegations (i.e., to the extent she alleges she was subject to harassment from the

time of her hire in 2017), she was earning $18.00 per hour. Plaintiff has received numerous raises between the time of her hire in 2017 and June 2026, when she filed the present Complaint. Plaintiff currently earns $41.35 per hour. Even assuming only partial wage loss at the 2026 minimum wage of $16.90 per hour pursuant to California Labor Code § 1182.12, the alleged economic damages through the anticipated trial date could readily exceed $75,000 given the multi-year duration of the alleged harm and the breadth of compensable losses claimed, including lost bonuses, stock grants, and other benefits.

Moreover, in determining whether the jurisdictional threshold is satisfied, the Court must consider all recoverable damages claimed at the time of the removal, specifically including any future loss of wages and benefits. *Chavez v. JPMorgan Chase*, 888 F.3d 413, 417-18 (9th Cir. 2018); *Jackson v. Fed. Express Corp.*, No. 2:24-CV-00169-SVW-KS, 2024 WL 3251617, at *4 (C.D. Cal. July 1, 2024). Plaintiff expressly seeks such damages here, characterized as "loss of past and future wages, benefits," "earnings, bonusses, deferred compensation." (Harrington Dec., ¶ 3, Ex. A [Complaint ¶¶ 35, 44, 51, 62, 69].)

**2. <u>Emotional Distress.</u>**

Defendant denies that it is liable for any damages whatsoever in this case, however, assuming arguendo that it is, Plaintiff is seeking an award for emotional distress. Plaintiff also alleges she "continues to suffer humiliation, emotional distress, and mental anguish in an amount to be determined at trial" and she "has suffered humiliation, mental anguish, and severe emotional and physical distress, including anxiety attacks." (Harrington Dec., ¶ 3, Ex. A [Complaint ¶¶ 21, 25, 38, 47, 54, 66, 69, 75, 83, 92, 101, 111, 115, 117, and Prayer for Relief].) She further alleges she has incurred and/or will incur medical expenses for treatment by psychotherapists and/or other health professionals, as a result of Defendant's actions. (Harrington Dec., ¶ 3, Ex. A [Complaint ¶ 69.) While Plaintiff does not state a specific amount of damages for emotional distress, "the vagueness of [P]laintiff's pleadings with regard to emotional distress damages should not preclude the court from noting these damages are potentially substantial." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (plaintiff's failure to make explicit demands did not prevent satisfaction of amount in controversy). Emotional distress damages can be substantial, and Plaintiff put at issue

an amount exceeding $75,000. See *Campbell v. National Passenger R.R. Corp.*, 718 F. Supp. 2d 1093, 1096 (N.D. Cal. 2010) (awarding $120,000 in non-economic damages in a retaliation/wrongful termination case); *Davis v. Prison Health Servs.*, No. C 09-2629 SI, 2012 WL 4462520, at *2 (N.D. Cal. Sept. 25, 2012) (awarding $200,000 in non-economic damages).

**3. <u>Punitive Damages.</u>**

Although Defendant denies that it should be liable for any damages whatsoever in this case, assuming arguendo that it is, Plaintiff is seeking an award for punitive damages. (Harrington Dec., ¶ 3, Ex. A [Complaint ¶¶ 39, 48, 56, 67, 76, 84, 93, 102, 112, 118 and Prayer for Relief].) For the purposes of removal, the amount in controversy may include punitive damages. *Gibson v. Chrysler Corp.*, *supra*, 261 F.3d at 945 ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) (where authorized, punitive damages are considered as part of the amount in controversy in meeting the prerequisite for diversity jurisdiction). Punitive damages may be substantial and, in some cases, even exceed the amount in controversy. *Chopourian v. Cath. Healthcare W.*, No. CIV S-09-2972 KJM, 2012 WL 1551728, at *4 (E.D. Cal. Apr. 30, 2012) (entering judgment for $56,250,000 in punitive damages for employment-related claims, including wrongful termination and retaliation).

**4. <u>Attorney's Fees.</u>**

Plaintiff also claims she is entitled to attorney's fees. (Harrington Dec., ¶ 3, Ex. A [Complaint ¶¶ 40, 57, 68, 77, 85, 94, 103, 113, and Prayer for Relief].) "Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy." *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002); see also *Stokes v. Reeves*, 245 F.2d 700, 702 (9th Cir. 1957). In this case, the entitlement to attorney's fees is set forth by statute and pled in the complaint under California Government Code § 12965(b) and California Code of Civil Procedure § 1021.5. (See Harrington Dec., ¶ 3, Ex. A [Complaint ¶¶ Complaint ¶¶ 40, 57, 68, 77, 85, 94, 103, 113, and Prayer for Relief].) Thus, it is reasonable to expect that the amount in controversy has been met, or will be met, in "prosecuting or defending [this] case to resolution." *Brady v. Mercedes-Benz, USA, Inc.*, *supra*, 243 F. Supp. 2d at 1011. Verdicts in

comparable cases show that attorneys' fees typically exceed $75,000. See *Denenberg vs. California Department of Transportation*, 40 Trials Digest 10th 17 (San Diego County Sup. Ct. Sept. 14, 2006) (attorney's fees award of $490,000 in case alleging discrimination, harassment, and retaliation).

In sum, because there is complete diversity of citizenship and the amount in controversy clearly exceeds $75,000, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).

## IV. SATISFACTION OF PROCEDURAL REQUIREMENTS.

As required by 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending. The Superior Court of California, County of Alameda is located within the Northern District of California. See 28 U.S.C. §§ 84, 1441(a).

In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by the Exhibit A to the Declaration of Emily B. Harrington, which contain copies of all process, pleadings, and orders served upon Plaintiff, Defendant, or the Court.

As required by 28 U.S.C. § 1446(b), the original Notice of Removal was filed within 30 days after service of the Complaint was effectuated.

As required by 28 U.S.C. § 1446(d), Defendant provided notice of this removal to Plaintiff through her counsel of record.

As required by 28 U.S.C. § 1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California for the County of Alameda.

WHEREFORE, Defendant TESLA, INC. requests that the above action now pending in the Superior Court of California, County of Alameda, be removed to this Court. In the event the Court has a question regarding the propriety of this Notice of Removal, Defendant respectfully requests that the Court issue an Order to Show Cause so that Defendant may have an opportunity to supplement with a more detailed brief outlining the basis for removal.

/ / /

/ / /

/ / /

/ / /

DATED: July 31, 2026

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Danielle Ochs*
DANIELLE OCHS
EMILY B. HARRINGTON

Attorneys for Defendant
TESLA, INC.

99068379.v4-OGLETREE